INSTITUTE FOR FREE SPEECH
Alan Gura, SBN 178221
 agura@ifs.org
1150 Connecticut Avenue, N.W.,
 Suite 801
Washington, DC 20036
Phone: 202.967.0007
Fax:  202.301.3399

Attorneys for Plaintiffs
Mobilize the Message, LLC; Moving
Oxnard Forward, Inc.; and Starr
Coalition for Moving Oxnard Forward

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILIZE THE MESSAGE, LLC; MOVING OXNARD FORWARD, INC.; and STARR COALITION FOR MOVING OXNARD FORWARD,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>                    Defendant. | Case No 2:21-cv-05115 VAP (JPRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>Date:        Sept. 20, 2021<br>Time:        2:00 p.m.<br>Courtroom:   8A<br>Judge:       The Honorable<br>             Virginia A. Phillips<br>Trial Date:  Not set<br>Action Filed: 6/23/2021 |

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING APPEAL

# TABLE OF CONTENTS

Introduction ................................................................................................ 1

Factual and Legal Background ................................................................... 1

Summary of Argument ............................................................................... 2

Argument .................................................................................................... 3

    I.    MOTIONS TO STAY PROCEEDINGS, AS OPPOSED TO MOTIONS TO STAY ORDERS, ARE COMMITTED TO THE COURT'S DISCRETION PER *LANDIS* AND *LOCKYER*. ............................................................................. 3

    II.    THIS COURT SHOULD EXERCISE ITS INHERENT DISCRETIONARY POWER OVER ITS DOCKET TO STAY FURTHER PROCEEDINGS PENDING APPEAL .......................................................................................... 5

    III.    THE COURT SHOULD ALSO STAY THESE PROCEEDINGS PURSUANT TO THE *NKEN* FACTORS .............................................................................. 7

Conclusion .................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*23andMe, Inc. v. Ancestry.com DNA, LLC*,
  No. 18-CV-02791-EMC, 2018 WL 5793473 (N.D. Cal. Nov. 2, 2018) ....... 4

*Am. Hotel & Lodging Ass'n v. Cty. of Los Angeles*,
  No. CV 14-09603-AB, 2015 WL 10791930 (C.D. Cal. Nov. 5, 2015) ......... 2

*Bradshaw v. City of Los Angeles*,
  No. 2:19-CV-06661-VAP-JC,
  2020 WL 2065007 (C.D. Cal. Mar. 23, 2020) ............................................ 5

*Burgan v. Nixon*,
  No. CV 16-61-BLG-CSO, 2016 WL 6584478 (D. Mont. Nov. 7, 2016). ..... 9

*Clinton v. Jones*,
  520 U.S. 681 (1997) ................................................................................. 5

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) .................................................................... 6

*Golo, LLC v. Goli Nutrition Inc.*,
  No. 2:21-cv-02348-VAP (MAAx),
  2021 WL 3360134 (C.D. Cal. July 30, 2021) ............................................ 6

*Hart v. Charter Communs., Inc.*,
  No. SA CV 17-0556-DOC, 2019 WL 7940684 (C.D. Cal. Aug. 1, 2019) .... 4

*Kuang v. United States DOD*,
  No. 18-cv-03698-JST, 2019 WL 1597495 (N.D. Cal. Apr. 15, 2019) ..... 4, 5

*Landis v. North American Co.*,
  299 U.S. 248 (1936).......................................................................... passim

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) ................................................................. 7, 8

*Leyva v. Certified Grocers of California, Ltd.*,
  593 F.2d 857 (9th Cir. 1979) .................................................................... 5

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ...................................................... 2, 3, 6, 7

*Nat'l Ass'n of African-American Owned Media v. Charter Communs., Inc.*,
  CV 16-609-GW (FFMx), 2016 WL 10647193 (C.D. Cal. Dec. 12, 2016)....6

*Nken v. Holder*,
  556 U.S. 418 (2009) .......................................................................... passim

*Peck v. Cnty. of Orange*,
  CV 19-4654 DSF, 2021 WL 1186337 (C.D. Cal. Mar. 26, 2021) ............... 3

*Rivers v. Walt Disney Co.,*
    980 F. Supp. 1358 (C.D. Cal. 1997) ........................................................ 1

*Stiner v. Brookdale Senior Living, Inc.,*
    383 F. Supp. 3d 949 (N.D. Cal. 2019) .................................................. 7, 8

*United States v. California,*
    No. 2:18-cv-00490-JAM-KJN,
    2018 WL 5310675 (E.D. Cal. Oct. 19, 2018) ........................................ 7

*Unitek Solvent Servs. v. Chrysler Grp. LLC,*
    No. 12-00704 DKW-RLP,
    2014 WL 12576648 (D. Haw. Jan. 14, 2014) ........................................ 6

*Universal Elec., Inc. v. Universal Remote Control, Inc.,*
    943 F. Supp. 2d 1028 (C.D. Cal. 2013) ................................................ 6

MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING APPEAL

## INTRODUCTION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Those interests now counsel the staying of further proceedings pending the outcome of Plaintiffs' interlocutory appeal. A stay would prejudice no one, but it would aid the efficient resolution of this case, preserve judicial resources and litigation resources on both sides, and may prevent Plaintiffs from sustaining irreparable harm.

## FACTUAL AND LEGAL BACKGROUND

Two facts not previously discussed by the parties are of special relevance to this motion. First, on June 11, 2021, the Ninth Circuit heard argument in the substantially related case of *American Society of Journalists and Authors v. Bonta*, Ninth Cir. No. 20-55734 ("*ASJA*"). Although Judge Gutierrez did not agree that the cases are sufficiently related for purposes of judicial assignment, he acknowledged that the cases "likely address overlapping issues of law." Order re: Transfer, ECF 12. Plaintiffs believed *ASJA* warranted discussion and distinction in their initial moving papers on preliminary injunction, and Defendant argued that the District Court's view of *ASJA*'s merits supported his position. This Court agreed with Defendant and found *ASJA* instructive.

Although there is no guarantee that the Ninth Circuit's forthcoming decision in *ASJA* would control or even be instructive in this case, the odds of that occurring are meaningful. The odds are also meaningful that

the Ninth Circuit would decide *ASJA* before the resolution of any appeal arising from this case. This Court may thus wish to have the benefit of the forthcoming *ASJA* opinion in deciding this case.

Second, Plaintiffs have appealed from this Court's order denying their motion for a preliminary injunction. If this Court were to grant Defendant's motion to dismiss, it would moot that appeal and spark a second, slower appeal that, even if successful, would not likely be decided in time to assuage Plaintiffs' fears about participating in the 2022 election with the aid of independent contractors. Moreover, the parties and the courts would be burdened with duplicative work.

SUMMARY OF ARGUMENT

Motions for stays pending appeal are governed by either of two legal standards, depending on whether the movant seeks to stay an order or stay the proceedings. Although courts have applied the preliminary injunction factors set forth in *Nken v. Holder*, 556 U.S. 418 (2009) when considering whether to stay proceedings, the consensus holds that "*Nken* applies *specifically* to stays of the enforcement of an order or judgment, not stays of an action during interlocutory appeal of an order denying a preliminary injunction." *Am. Hotel & Lodging Ass'n v. Cty. of Los Angeles*, CV 14-09603-AB, 2015 WL 10791930, at *2 (C.D. Cal. Nov. 5, 2015) (emphasis in original). Courts tend to recognize that motions to stay the course of proceedings are committed to their inherent discretion in managing their dockets, as guided by *Landis* and *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005).

All *Lockyer* factors plainly support staying the proceedings. The granting of a stay would damage no one, proceeding with the case would damage both sides, and a stay could only simplify the case and aid the

Court in resolving it. A stay should also issue under the modified *Landis* approach followed by some district courts, which focuses more precisely on efficiency and the appellate proceedings' potential impact on the litigation.

Alternatively, a stay should issue under the *Nken* test. Plaintiffs acknowledge that this Court rejected their *Nken* argument in the preliminary injunction context, but the stay context differs in several key respects. The question of irreparable harm is no longer merely whether Plaintiffs could obtain relief so that they might circulate petitions for the 2022 elections, but whether they can obtain timely review of their claims. The balance of equities/public interest factor differs as well. The issue in that regard is not so much the balancing of interests in enforcing the law and securing constitutional rights, but the interest shared by all parties, the public, and the courts in the efficient resolution of cases and the preservation of litigation and judicial resources, whatever the outcome. Should the Court apply *Nken* instead of *Landis / Lockyer*, it could stay further proceedings pending appeal without revisiting or qualifying its earlier decision denying Plaintiffs' motion for preliminary injunction.

ARGUMENT

I.   MOTIONS TO STAY PROCEEDINGS, AS OPPOSED TO MOTIONS TO STAY ORDERS, ARE COMMITTED TO THE COURT'S DISCRETION PER *LANDIS* AND *LOCKYER*.

"District courts in this circuit have catalogued a divide regarding the appropriate standard by which a district court is to exercise its discretion in whether to grant a stay pending an interlocutory appeal." *Peck v. Cnty. of Orange*, CV 19-4654 DSF, 2021 WL 1186337, at *4 (C.D. Cal. Mar. 26, 2021) (internal quotation marks and citations omitted). Courts either apply the *Nken* factors, or the *Landis*-based factors set forth in *Lockyer*.

For its part, "[i]t appears that the Ninth Circuit has not addressed which test applies" on a motion to stay proceedings pending an interlocutory appeal. *Kuang v. United States DOD*, No. 18-cv-03698-JST, 2019 WL 1597495, at *2 (N.D. Cal. Apr. 15, 2019).

But "district courts that have directly confronted the question have overwhelmingly concluded that the *Landis* test or something similar governs" motions to stay proceedings. *Peck*, 2021 WL 1186337, at *4 (quoting *Kuang*, 2019 WL 1597495, at *3 (collecting cases)).[1] Indeed, that position is "the growing consensus of the district courts in this circuit." *Hart v. Charter Communs., Inc.*, SA CV 17-0556-DOC, 2019 WL 7940684, at *4 (C.D. Cal. Aug. 1, 2019). "Those courts have reasoned that the *Nken* test 'is applicable when there is a request to stay a district court's *judgment or order* pending an appeal of the same case,' while *Landis* applies to the decision to stay *proceedings*, regardless whether the stay is based on a direct appeal or an independent case." *Kuang*, 2019 WL 1597495, at *3 (quoting *23andMe, Inc. v. Ancestry.com DNA, LLC*, No. 18-CV-02791-EMC, 2018 WL 5793473, at *3 (N.D. Cal. Nov. 2, 2018)) (adding emphasis) (other citations omitted); *Hart*, 2019 WL 7940684, at *4 ("The *Nken* test has primarily been applied when a party seeks to stay the effect of a judgment. *Landis* was decided specifically to guide courts deciding on whether to stay proceedings.").

---

[1] The "something similar" to *Landis* test asks "whether (1) resolution by the Ninth Circuit of the issue addressed in the appealed order could materially affect this case and advance the ultimate termination of litigation and (2) whether a stay will promote economy of time and effort for the Court and the parties." *Kuang*, 2019 WL 1597495, at *3 n.3 (collecting cases).

As *Kuang* explained,

> different concerns predominate when a court decides whether to stay an injunction or other order. There, the overarching question is not whether going forward with the litigation will be inefficient for the parties and the court, but rather if equity demands that the court preserve the pre-judicial-relief status quo pending the appellate court's determination of the correctness of that relief. In most cases, the choice between relief and no relief is starker than the choice between litigating or not litigating. Accordingly, the types and degree of harm necessary to support a stay may differ. Moreover, because the impacts of an injunction — or the conduct that will occur in its absence — may ripple far beyond the parties and the court, a broader consideration of the public interest is necessary.

*Kuang*, 2019 WL 1597495, at *3 (internal quotation marks and citations omitted).

II. THIS COURT SHOULD EXERCISE ITS INHERENT DISCRETIONARY POWER OVER ITS DOCKET TO STAY FURTHER PROCEEDINGS PENDING APPEAL.

Plaintiffs bear the burden of showing that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). That burden is satisfied here.

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Bradshaw v. City of Los Angeles*, No. 2:19-CV-06661-VAP-JC, 2020 WL 2065007, at *4-*5 (C.D. Cal. Mar. 23, 2020) (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)) (other citations omitted).

In considering whether to stay proceedings pursuant to their inherent case management powers, courts examine (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected

to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Notwithstanding these "general considerations that are helpful in determining whether to order a stay, ultimately 'the totality of the circumstances governs.'" *Golo, LLC v. Goli Nutrition Inc.*, No. 2:21-cv-02348-VAP (MAAx), 2021 WL 3360134, at *9 (C.D. Cal. July 30, 2021) (quoting *Universal Elec., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013)).

The relevant considerations all indicate the propriety of a stay. First, because no injunction has issued, no possible damage could accrue from a stay's issuance. The status quo will remain as it stood the day before Plaintiffs brought their lawsuit. However, Plaintiffs could well be injured by this motion's denial. The potential mooting of an interlocutory appeal is "a sufficient basis" for staying the proceedings. *Nat'l Ass'n of African-American Owned Media v. Charter Communs., Inc.*, CV 16-609-GW (FFMx), 2016 WL 10647193, at *6 (C.D. Cal. Dec. 12, 2016) (citations and footnote omitted); *see also Unitek Solvent Servs. v. Chrysler Grp. LLC*, 12-00704 DKW-RLP, 2014 WL 12576648 (D. Haw. Jan. 14, 2014).

The law affords Plaintiffs an opportunity, of which they have availed themselves, to obtain a speedy review of their request for a preliminary injunction. If they are entitled to relief, the Ninth Circuit's expedited schedule, as it now stands, allows them to obtain it in time to participate in the 2022 election. But if this case were to proceed and moot that appeal, a subsequent appeal would set them back to square one, and proceed at a pace that would be unlikely to result in an appellate opinion before the 2022 election, let alone in time to qualify a ballot measure and campaign for its enactment.

Moreover, given the Ninth Circuit's briefing schedule, intervening mootness would probably harm both sides, in terms of duplication of effort on appeal.

Finally, interests of judicial efficiency counsel for a stay as well. When a case is stayed pending the resolution of other proceedings, "[t]he question is whether there is sufficient overlap between the proceedings that waiting for one to be resolved would work to simplify issues in the other or preserve judicial resources." *United States v. California*, No. 2:18-cv-00490-JAM-KJN, 2018 WL 5310675 at *3 (E.D. Cal. Oct. 19, 2018). That overlap is manifest. The Ninth Circuit might well comment on the merits of Plaintiffs' claims soon enough. That guidance could prove useful.

III.   THE COURT SHOULD ALSO STAY THESE PROCEEDINGS PURSUANT TO THE NKEN FACTORS.

Under *Nken*, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426 (internal quotation marks omitted). "Courts in the Ninth Circuit weigh these factors with a 'general balancing' or 'sliding scale' approach, under which 'a stronger showing of one element may offset a weaker showing of another.'" *Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 953 (N.D. Cal. 2019) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011)).

Plaintiffs preserve their argument that they are likely to succeed on the merits, but also readily acknowledge that this Court takes a different view. For purposes of the requested stay, in the event that this Court would follow *Nken* instead of *Landis* and *Lockyer*, Plaintiffs note that they

1  would establish the first prong because they can "at least demonstrate

2  that the appeal presents a 'substantial case on the merits,' or that there

3  are 'serious legal questions' raised." *Stiner*, 383 F. Supp. 3d at 953

4  (quoting *Leiva-Perez*, 640 F.3d at 965-68). Courts have found that an

5  appeal demonstrates "a substantial case on the merits" if it "(1) 'raises

6  genuine matters of first impression within the Ninth Circuit'; (2) may

7  'implicate a constitutional question'; or (3) 'otherwise address[es] a

8  pressing legal issue which urges that the Ninth Circuit hear the case.'" *Id.*

9  at 953-54 (internal quotation marks omitted). This case qualifies under all

10  of these lower standards, even if it would be unlikely to succeed. Until

11  *ASJA* is decided (and maybe after), the case is one of first impression at

12  the Ninth Circuit, as to the intersection of First Amendment speech rights

13  and AB 5's classification and exemption regime. It plainly implicates a

14  constitutional question. And, Plaintiffs submit, it addresses a pressing

15  legal issue, considering AB 5's impact on political campaigns—all political

16  campaigns, regardless of viewpoint. These are also "serious legal

17  questions."

18       Of course, satisfying this lower version of the first *Nken* prong obligates

19  Plaintiffs to establish "that the balance of hardships tips sharply in [their]

20  favor." *Leiva-Perez*, 640 F.3d at 970. Even if the balance of hardships did

21  not tip in Plaintiffs' favor in moving for a preliminary injunction, it does

22  so now. First, unlike with the previous motion, the state's interest in

23  enforcing its law is not implicated. Second, the harms of inefficient

24  litigation will be born by both sides, and therefore, by the public as well.

25  "Although the public always has an interest in the timely resolution of

26  litigation, it also has an interest in efficient and economical litigation.

27  This is particularly apparent when a governmental entity is involved

28

because public resources are often at stake." *Burgan v. Nixon,* No. CV 16-61-BLG-CSO, 2016 WL 6584478, at *5 (D. Mont. Nov. 7, 2016).

The motion should be granted pursuant to *Landis* and this Court's inherent supervisory powers, but it also satisfies the *Nken* factors.

CONCLUSION

The Court should grant the motion to stay further proceedings pending the final resolution of Plaintiffs' appeal of the order denying their motion for a preliminary injunction.

Dated:   August 16, 2021      Respectfully submitted,

By:   /s/ Alan Gura
Alan Gura (SBN 178221)
agura@ifs.org
INSTITUTE FOR FREE SPEECH
1150 Connecticut Avenue, N.W., Suite 801
Washington, DC 20036
Phone: 202.967.0007
Fax:    202.301.3399

Attorneys for Plaintiffs
Mobilize the Message, LLC; Moving
Oxnard Forward, Inc.; and Starr
Coalition for Moving Oxnard Forward