ROB BONTA
Attorney General of California
HEATHER HOESTEREY
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3879
  Fax:  (415) 703-1234
  E-mail:  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for Defendant Attorney General
Rob Bonta, in his official capacity*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MOBILIZE THE MESSAGE, LLC; MOVING OXNARD FORWARD, INC.; and STARR COALITION FOR MOVING OXNARD FORWARD,**<br><br>                      Plaintiffs,<br><br>**v.**<br><br>**ROB BONTA, in his official capacity as Attorney General of California,**<br><br>                      Defendant. | 2:21-cv-05115-VAP-JPR<br><br>**REPLY SUPPORTING MOTION TO DISMISS COMPLAINT**<br><br>Date:         September 20, 2021<br>Time:        2:00 P.M.<br>Courtroom:  8A<br>Judge:       The Honorable<br>                  Virginia A. Phillips<br>Trial Date:  Not set<br>Action Filed: 6/23/2021 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 1

    I.    This Court Has Jurisdiction to Decide the Motion to Dismiss. ............ 1

    II.    This Court Already Rejected Plaintiffs' Arguments That AB 5 Improperly Targets Speech and That It Is Subject to Strict Scrutiny, Which Are the Underlying Premises of the Claims in the Complaint. ....................................................................................... 3

    III.    The Complaint Did Not Raise Any Argument That AB 5 Fails Intermediate Scrutiny, and Thus Waived Such a Claim. ...................... 5

CONCLUSION ......................................................................................................... 7

# TABLE OF AUTHORITIES

Page

**CASES**

*American Society of Journalists & Authors v. Becerra*
No. CV-19-10645-PSG, 2020 WL 1444909 (C.D. Cal., March 20, 2020) .................................................................................................. 4, 5

*ASJA v. Becerra*
No. CV 19-10645-PSG, 2020 WL 1434933 (C.D. Cal. March 20, 2020) ............................................................................................... 5, 6, 7

*Cal. v. Azar*
911 F.3d 558 (9th Cir. 2018) ................................................................ 3

*Crossley v. California*
479 F. Supp. 3d 901 (S.D. Cal. 2020) .................................................. 5

*Defenders of Wildlife v. Jewell*
No. CV 14-1656-MWF, 2014 WL 1364452 (C.D. Cal. April 2, 2014) ...................................................................................................... 2

*G & M, Inc. v. Newbern*
488 F.2d 742 (9th Cir. 1973) ............................................................ 2, 3

*Gish v. Newsom*
No. EDCV20-755 JGB, 2020 WL 6193306 (C.D. Cal. July 8, 2020) .... 3

*Griggs v. Provident Consumer Discount Co.*
459 U.S. 56 (1982) ............................................................................... 1

*Int'l Franchise Ass'n, Inc. v. City of Seattle*
803 F.3d 389 (9th Cir. 2015) ............................................................ 3, 4

*Interpipe Contracting, Inc. v. Becerra*
898 F.3d 879 (9th Cir. 2018) ................................................................ 6

*Klahn v. Clackamas Cty. Bank*
No. 3:13-cv-00621-ST, 2013 WL 6530803 (D. Or. Dec. 12, 2013) ..... 6

*Martinez v. Gonzales*
504 F. Supp. 2d 887 (C.D. Cal. 2007) .............................................. 2, 3

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Melendres v. Arpaio*
   695 F.3d 990 (9th Cir. 2012) ................................................................................ 3

*Ex Parte Nat'l Enameling & Stamping Co.*
   201 U.S. 156 (1906) ............................................................................................ 2

*Olson v. Bonta*
   No. 19-cv-10956-DMG-RAO, 2021 WL 3474015 (C.D. Cal. July
   16, 2021) ............................................................................................................. 5

*Pac. Coast Horseshoeing Sch. v. Kirchmeyer*
   961 F.3d 1062 (9th Cir. 2020) .............................................................................. 4

*Plotkin v. Pac. Tel. & Tel. Co.*
   688 F.2d 1291 (9th Cir. 1982) .............................................................................. 1

*Recycle for Change v. City of Oakland*
   856 F.3d 666 (9th Cir. 2017) ................................................................................ 4

*Schneider v. Cal. Dep't of Corrs.*
   151 F.3d 1194 (9th Cir. 1998) .............................................................................. 6

*Turner Broadcasting Sys. v. FCC*
   512 U.S. 622 (1994) ............................................................................................ 6

*Webb v. GAF Corp.*
   78 F.3d 53 (2d Cir. 1996) .................................................................................... 2

**STATUTES**

California Labor Code
   § 2783(e) .............................................................................................................. 4
   § 2783(h)(1) ........................................................................................................ 4

**COURT RULES**

Federal Rules of Civil Procedure
   Rule 12 ................................................................................................................ 3
   Rule 12(b)(6) ...................................................................................................... 6

## INTRODUCTION

Although Plaintiffs oppose Defendant's Motion to Dismiss, they do not raise any persuasive argument to defeat dismissal. (ECF No. 31.) Instead, Plaintiffs rehash their unsuccessful arguments that AB 5 violates the First Amendment because it improperly regulates speech. But this Court already concluded that this contention is not likely to succeed, in denying Plaintiffs' motion for preliminary injunctive relief. And this Court also concluded, contrary to Plaintiffs' arguments, that "the challenged exemptions in AB 5 are neither content-based nor otherwise require strict scrutiny." (ECF No. 24 at 7.)

Plaintiffs also raise a procedural challenge, claiming that this Court lacks jurisdiction to decide Defendant's Motion to Dismiss because Plaintiffs filed an interlocutory appeal from this Court's order denying their preliminary injunction motion. (ECF No. 31 at 6-8.) That argument is plainly wrong under the case law, which holds that an appeal from a preliminary injunction order does not divest the trial court of jurisdiction to proceed with the action on the merits. Indeed, the Court of Appeals has explained that an interlocutory appeal from a preliminary injunction order should generally not stay proceedings in the trial court.

Because the Complaint fails to state a claim, this Court should dismiss it.

## ARGUMENT

### I. THIS COURT HAS JURISDICTION TO DECIDE THE MOTION TO DISMISS.

Initially, Plaintiffs' interlocutory appeal from this Court's order denying their Motion for Preliminary Injunction does not deprive this Court of jurisdiction to rule on and grant Defendant's current Motion to Dismiss.

A notice of appeal generally deprives the district court of jurisdiction to adjudicate the *matters appealed*. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But a notice of appeal from an interlocutory order, like the denial of a preliminary injunction, "does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d

1291, 1293 (9th Cir. 1982); *Ex Parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906) (noting that in an interlocutory appeal "that which is contemplated is a review of the interlocutory order, and of that only" and that "[t]he case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken").

Plaintiffs nevertheless argue that their interlocutory appeal deprives this Court of jurisdiction over the Motion to Dismiss. (ECF No. 31 at 7.) But courts have made clear that "an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits—i.e., the merits are not matters 'involved in the appeal.'" *Martinez v. Gonzales*, 504 F. Supp. 2d 887, 892 (C.D. Cal. 2007); *G & M, Inc. v. Newbern*, 488 F.2d 742, 746 (9th Cir. 1973). This is because at issue on appeal is whether the Court properly determined that Plaintiffs failed to meet their burden for a preliminary injunction, not the ultimate merits of the case. "Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction over issues decided in the order being appealed, jurisdiction is retained where, as here, the appeal is from an order granting or denying a preliminary injunction." *Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir. 1996).

Plaintiffs also contend that their interlocutory appeal will involve the same "arguments" as those presented by the Motion to Dismiss. (ECF No. 31 at 7-8.) But as the case law demonstrates, an interlocutory appeal divests the trial court of jurisdiction when the same *order* is at issue. *See, e.g., Defenders of Wildlife v. Jewell*, No. CV 14-1656-MWF, 2014 WL 1364452, at *17 (C.D. Cal. April 2, 2014) (denying preliminary injunction motion and noting that "[e]ven if this Order is appealed, the Court intends to proceed with the case, to the extent that it has jurisdiction to do so.") Contrary to Plaintiffs' contention, the appeal will not assess "whether Plaintiffs have stated a valid First Amendment claim." (*Id.* at 8.) Instead, on a preliminary injunction appeal, "[t]he court [of appeals] does not review the

underlying merits of the case, but rather whether the district court relied on an erroneous legal premise or abused its discretion in denying [the] motion for preliminary injunctive relief." *Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 399 (9th Cir. 2015). By contrast, the Motion to Dismiss involves the question of whether the Complaint states a claim for relief under Federal Rule of Civil Procedure 12. To the extent the decision in *Gish v. Newsom*, No. EDCV20-755 JGB, 2020 WL 6193306 (C.D. Cal. July 8, 2020) concluded otherwise, it is inconsistent with Ninth Circuit case law. *See Martinez*, 504 F. Supp. 2d at 892; *G & M, Inc.*, 488 F.2d at 746.

Ultimately, the fact that similarly legal *issues* may be presented on interlocutory appeal and on the instant Motion to Dismiss does not suffice to divest this Court of jurisdiction. Indeed, the Court of Appeals has directed trial courts to proceed to trial on the merits despite the filing of an interlocutory appeal of a preliminary injunction order. *Cal. v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018) ("We have repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction."); *Melendres v. Arpaio*, 695 F.3d 990, 1002-03 (9th Cir. 2012) ("We applaud how the district court has expedited this sensitive case and moved with appropriate speed towards a final disposition."). This Court should do likewise.

**II. THIS COURT ALREADY REJECTED PLAINTIFFS' ARGUMENTS THAT AB 5 IMPROPERLY TARGETS SPEECH AND THAT IT IS SUBJECT TO STRICT SCRUTINY, WHICH ARE THE UNDERLYING PREMISES OF THE CLAIMS IN THE COMPLAINT.**

Plaintiffs' remaining arguments hinge on the erroneous contention that the applicability of the ABC test depends on the content or subject matter of an individual's speech. (ECF No. 31 at 9.) Plaintiffs argue that "the structure of California's worker classification system . . . itself signals content-based discrimination." (*Id.*) This Court already concluded that these claims are not likely to succeed in denying Plaintiffs' Motion for a Preliminary Injunction. In

3

1 determining that Plaintiffs did not satisfy their burden to show that they were likely
2 to succeed on their claims, this Court concluded that AB 5 is a generally applicable
3 labor regulation governing the employer-employee relationship. (ECF No. 24 at 9.)
4 And, contrary to Plaintiffs' argument (ECF no. 31 at 10), AB 5's plain terms
5 demonstrate that the challenged law does not impose any content-based restrictions.
6 (ECF No. 24 at 9 ["Plaintiffs' conclusory statement is unsupported as they have
7 failed to point to any facts suggesting that AB 5 favors commercial speech over
8 political speech due to its exemptions."].) Indeed, Plaintiffs point to no language in
9 the statute that focuses on the content of any speech. On its face, section 2783 does
10 not apply based on the message conveyed, but instead on the *occupation* in which
11 the worker is employed, *i.e.*, sale of consumer products or distribution of
12 newspapers. Cal. Lab. Code § 2783(e); § 2783(h)(1). None of these exclusions
13 hinge on the *content* of any message. *See, e.g., Recycle for Change v. City of*
14 *Oakland*, 856 F.3d 666, 670 (9th Cir. 2017).

15       Plaintiffs' claims are undermined by cases holding that restrictions on
16 economic activity, or nonexpressive conduct generally, are not equivalent to
17 restrictions on protected expression. *Intern'l Franchise Ass'n, Inc.*, 803 F.3d at
18 408; *see also Pac. Coast Horseshoeing Sch. v. Kirchmeyer*, 961 F.3d 1062, 1070
19 (9th Cir. 2020). Further, as the Motion to Dismiss explained, other district courts
20 have rejected similar challenges to those Plaintiffs raise here, concluding that AB 5
21 is a generally applicable labor regulation, and does not improperly target speech.
22 These are the same decisions on which this Court relied in denying Plaintiffs'
23 Motion for a Preliminary Injunction. (ECF No. 24 at 9.)

24       Specifically, in *American Society of Journalists & Authors v. Becerra*, No.
25 CV-19-10645-PSG, 2020 WL 1444909 (C.D. Cal., March 20, 2020) (*ASJA*), the
26 district court denied Plaintiffs' motion for a preliminary injunction against AB 5, as
27 applied to freelance writers and photojournalists. The district court concluded that
28 AB 5 does not focus on "any idea, subject matter, viewpoint or substance of any

4

| | |
|---|---|
| 1 | speech," and that the statutory distinctions instead depend "on if the individual |
| 2 | providing the service in the contract is a member of a *certain occupational* |
| 3 | *classification*." *Id.* at *7 (emphasis added). And although Plaintiffs argue that |
| 4 | *ASJA* is inapposite because it involved different provisions of AB 5 (ECF No. 31 at |
| 5 | 12), the court there concluded that "[t]he justification for these distinctions is proper |
| 6 | categorization of an employment relationship, unrelated to the content of speech," |
| 7 | and that "AB 5 was not written in a way that suggests a motive to target certain |
| 8 | content by targeting speakers." *Id.* at *7. Plaintiffs do not explain why the same |
| 9 | rationale does not apply here. |
| 10 | Likewise instructive is *Crossley v. California*, 479 F. Supp. 3d 901 (S.D. Cal. |
| 11 | 2020), which rejected First Amendment and equal protection challenges to AB 5. |
| 12 | Like the court in *ASJA*, the district court in *Crossley* concluded that AB 5 is a |
| 13 | generally applicable law, and that it seeks to regulate the "classification of |
| 14 | employment relationships." *Id.* at 916. Plaintiffs merely argue that that case did |
| 15 | not involve allegations of content-based discrimination, but make no attempt to |
| 16 | explain away these conclusions. (ECF No. 31 at 12.) Nor do Plaintiffs address |
| 17 | *Olson v. Bonta*, No. 19-cv-10956-DMG-RAO, 2021 WL 3474015, at *4 (C.D. Cal. |
| 18 | July 16, 2021), which likewise concluded that AB 5 "focuses on the *services* each |
| 19 | company provides to determine if those services tend to be performed by traditional |
| 20 | independent contractors and should be exempt from the ABC test under AB 5". |
| 21 | (ECF No. 31 at 12.) As this Court previously concluded in the preliminary |
| 22 | injunction context, Plaintiffs' attempts to distinguish *ASJA* and *Crossley* are |
| 23 | unpersuasive. (ECF No. 24 at 9.) |

**III. THE COMPLAINT DID NOT RAISE ANY ARGUMENT THAT AB 5 FAILS INTERMEDIATE SCRUTINY, AND THUS WAIVED SUCH A CLAIM.**

| | |
|---|---|
| 26 | Plaintiffs' opposition argues at length regarding the applicable standard of |
| 27 | review, and asserts broadly that AB 5 fails "any level of heightened scrutiny." |
| 28 | (ECF No. 31 at 13.) But the Complaint only argues that AB 5 fails strict scrutiny, |

5

and thus Plaintiffs waived any argument under intermediate scrutiny. (ECF No. 1 at 13-16; ECF No. 31 at 13 ["Plaintiffs allege that AB 5, as applied to them, triggers strict scrutiny."].) Plaintiffs cannot remedy that waiver through allegations in their opposition papers. *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *Klahn v. Clackamas Cty. Bank*, No. 3:13-cv-00621-ST, 2013 WL 6530803, at * 5 (D. Or. Dec. 12, 2013).

Even if Plaintiffs had not waived this argument, for the reasons explained in Defendant's Motion to Dismiss, AB 5 amply meets intermediate scrutiny. (ECF No. 28-1 at 14-15.) In short, a "content-neutral regulation will be sustained if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." *Turner Broadcasting Sys. v. FCC*, 512 U.S. 622, 662 (1994) (citation omitted). This requirement is satisfied as long as the "regulation promotes a substantial government interest that would be achieved less effectively absent the regulation." *Id.* (citation omitted). Plaintiffs make no attempt to negate this. (ECF No. 31 at 13.)

Plaintiffs contend that whether AB 5 meets intermediate scrutiny cannot be decided at the motion to dismiss stage, and that "evidence" of the government's rationale is required in First Amendment cases. (ECF No. 31 at 13.) That is incorrect. For example, in *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879 (9th Cir. 2018), the Ninth Circuit affirmed dismissal of a First Amendment claim, relying in part on the legislative history and background of the challenged law. *Id.* at 899-900. And the district court in *ASJA* dismissed a similar First Amendment complaint, which alleged that certain exemptions under AB 5 "are content-based

6

restrictions on the face of the law and single out journalistic speech." *ASJA v. Becerra*, No. CV 19-10645-PSG, 2020 WL 1434933, at *2 (C.D. Cal. March 20, 2020).

## CONCLUSION

For these reasons, the Court should dismiss the Complaint.

Dated: September 7, 2021         Respectfully submitted,

ROB BONTA
Attorney General of California
HEATHER HOESTEREY
Supervising Deputy Attorney General

*/s/ Jose A. Zelidon-Zepeda*

JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
*Attorneys for Defendant Attorney General Rob Bonta, in his official capacity*

SA2021303104
42846269.docx

# CERTIFICATE OF SERVICE

Case Name: **Mobilize the Message, LLC et al. v. Rob Bonta**
Case No. **2:21-cv-05115-VAP-JPR**

I hereby certify that on <u>September 7, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY SUPPORTING MOTION TO DISMISS COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 7, 2021</u>, at San Francisco, California.

|  |  |
|---|---|
| Robert Hallsey | /s/ Robert Hallsey |
| Declarant | Signature |

SA2021303104
42855679.docx