INSTITUTE FOR FREE SPEECH
Alan Gura, SBN 178221
agura@ifs.org
1150 Connecticut Avenue, N.W.,
Suite 801
Washington, DC 20036
Phone: 202.967.0007
Fax: 202.301.3399

Attorneys for Plaintiffs
Mobilize the Message, LLC; Moving Oxnard Forward, Inc.; and Starr Coalition for Moving Oxnard Forward

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

MOBILIZE THE MESSAGE, LLC; MOVING OXNARD FORWARD, INC.; and STARR COALITION FOR MOVING OXNARD FORWARD,

Plaintiffs,

v.

ROB BONTA, in his official capacity as Attorney General of California,

Defendant.

Case No 2:21-cv-05115 VAP (JPRx)

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO STAY**

Date: Sept. 20, 2021
Time: 2:00 p.m.
Courtroom: 8A
Judge: The Honorable Virginia A. Phillips
Trial Date: Not set
Action Filed: 6/23/2021

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO STAY

## TABLE OF CONTENTS

Table of Authorities ........ ii

Summary of Argument ........ 1

Argument ........ 3

I. Staying the case cannot possibly cause any damage ........ 3

II. All parties would suffer hardship and inequity in proceeding at this time ........ 4

III. A stay would advance the orderly cause of justice ........ 6

Conclusion ........ 7

# TABLE OF AUTHORITIES

## Cases

*Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081 (E.D. Cal. 2008) ........ 2

*Cal. v. Azar*, 911 F.3d 558 (9th Cir. 2018) ........ 3, 6

*Clinton v. Jones*, 520 U.S. 681 (1997) ........ 1

*Landis v. North American*, 299 U.S. 248 (1936) ........ 4

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979) ........ 1, 4

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) ........ 1, 3, 4

*Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, (N.D. Cal. 2015) ........ 4

*Nken v. Holder*, 556 U.S. 418 (2009). ........ 1

*Sanders Cnty. Republican Cent. Comm. v. Bullock*, 698 F.3d 741 (9th Cir. 2012) ........ 5

*Sports Form, Inc. v. United Press International, Inc.*, 686 F.2d 750 (9th Cir. 1982) ........ 7

*Tesoro Ref. & Mktg. Co. LLC v. City of Long Beach*, No. 2:16-cv-06963-VAP-FFMx, 2019 WL 4422666 (C.D. Cal. May 31, 2019) ........ 6

*Vasquez v. Ahlin*, No. 1:10-25 cv-01973-DAD-JDP, 2019 WL 4302279 (E.D. Cal. Sept. 11, 2019) ........ 6

*Washington v. Azar*, No. 1:19-cv-03040-SAB, 2019 WL 7819662 (E.D. Wash. June 14, 2019) ........ 6

## SUMMARY OF ARGUMENT

Defendant correctly sets out the guiding standard for this motion—but then ignores it, and instead addresses generalities and extraneous matter. Defendant should have addressed the factors that he agrees control this motion's outcome, all of which favor a stay.

Like Plaintiffs, Defendant argues that the relevant standard is the one resting on this Court's inherent supervisory powers, as described in *Clinton v. Jones*, 520 U.S. 681 (1997), *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979), and *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005). Opp. at 2-3. Only in passing does Defendant nod to the alternative approach some courts use, employing the preliminary injunction factors of *Nken v. Holder*, 556 U.S. 418 (2009). *See* Opp. at 6.

On this critical point, the parties agree. But Defendant then veers off, citing various cases cautioning against stays pending interlocutory appeal, some of which explain why stays under particular circumstances (not present here) are undesirable. As informative as these cases may be, none of their generalities and aphorisms substitute for the Ninth Circuit's actual test, laid out in *Lockyer* and acknowledged by Defendant as controlling, which governs the grant of stays pending interlocutory appeal.

Ultimately, this Court's exercise of its discretion to grant or deny a stay should be guided, as Defendant concedes, by the *Lockyer* factors:

> [1] the possible damage which may result from the granting of a stay,
>
> [2] the hardship or inequity which a party may suffer in being required to go forward, and
>
> [3] the orderly cause of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Opp. at 3 (quoting *Lockyer*, 398 F.3d at 1110).

Defendant fails to address the first *Lockyer* factor—the possible harm that a stay might cause.

Defendant arguably addresses the second *Lockyer* factor, in claiming that Plaintiffs would not suffer irreparable harm owing to a mooting of the present appeal because they allegedly delayed filing this lawsuit. But irreparable harm is not the relevant standard with respect to *this* motion, nor does the initial timing of a lawsuit impact the procedural posture in which a case finds itself after denial of a preliminary injunction motion. More to the point, Defendant does not deny that proceeding at this time will needlessly burden the parties.

Finally, Defendant does not address the third *Lockyer* factor. He does not explain how a stay would simplify or complicate the issues in this case. Stays should be denied where it makes sense to continue developing a factual record, but this case turns entirely on questions of law that are already before the Ninth Circuit. Of course, Defendant has no interest (he claims none) in preparing the case for trial. He only wants this Court to reach his motion to dismiss, the granting of which would only compound the proceedings and cause additional delay and waste of judicial and litigation resources on both sides. But since this Court lacks jurisdiction to decide that motion, what is the point of proceeding at this time with the rest of the case?

True, "the filing of an interlocutory appeal does not *automatically* stay proceedings in the district court." Opp. at 4 (quoting *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008)) (emphasis added). But in that case, the court stayed proceedings to avoid "a waste of judicial and party resources." *Irritated Residents*, 634 F. Supp. 2d at 1094. The same result should obtain here.

## ARGUMENT

### I. STAYING THE CASE CANNOT POSSIBLY CAUSE ANY DAMAGE.

Defendant does not explain "the possible damage which may result from the granting of a stay." *Lockyer*, 398 F.3d at 1110.

There are no terminally-ill witnesses whose testimony discovery would preserve, no claims or defenses that Defendant might lose were he unable to proceed immediately with the remainder of the case. Nor does this case involve a nationwide injunction, which hinders the law's development in other venues and "deprive[s] [others of] the right to litigate in other forums." *Cal. v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). Nor is this a case where "the fully developed factual record may be materially different from that initially before the district court." *Id.* at 584. If it is, Defendant does not explain how that may be.

This case involves a legal dispute about the constitutionality of a state law. It does not apparently involve any factual dispute or call for the preservation of ephemeral evidence. Proceeding now will not "provide a means of developing comprehensive evidence bearing upon . . . highly technical . . . questions." *Lockyer*, 398 F.3d at 1110 (internal quotation marks omitted). However this case ends, it will be decided by the resolution of legal questions, not factual disputes.

There is nothing here—and Defendant cites to nothing—explaining why this Court should not "delay *trial preparation* to await an interim ruling on a preliminary injunction." Opp. at 4 (quoting *Azar*, 911 F.3d at 583) (emphasis added). Why prepare a case for trial if, as Defendant argues, the complaint fails to state a valid claim? And as Defendant is not enjoined from doing anything, staying the case cannot harm him.

There is no "possible damage which may result from the granting of a stay." *Lockyer*, 398 F.3d at 1110.

## II. ALL PARTIES WOULD SUFFER HARDSHIP AND INEQUITY IN PROCEEDING AT THIS TIME.

Inefficient litigation harms all parties. That a stay would prevent inefficient litigation is obvious. Indeed, Defendant appears to concede as much. But he attacks Plaintiffs for causing the inefficiency by exercising their right to seek interlocutory review, while conceding that "such concerns are potentially present in any case seeking preliminary injunctive relief." Opp. at 4.

Defendant does cite to *Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1032-33 (N.D. Cal. 2015) for the proposition that "incurring litigation expenses does not amount to an *irreparable* harm," Opp. at 3-4 (emphasis added), and that much is true, as far as it goes. But *Mohamed* is inapposite—it discussed irreparable harm in the course of incorrectly applying the *Nken* factors rather than the *Lockyer* factors that Defendant admits are controlling.

The question under *Lockyer* is not, as under *Nken*, whether anyone would sustain "irreparable" harm, but whether a party would suffer "hardship or inequity," *Lockyer*, 398 F.3d at 1110, and whether a stay would be "efficient for [the court's] own docket and the fairest course for the parties," *id*. at 1111 (quoting *Leyva*, 593 F.3d at 863-64). Indeed, the question of hardship or inequity arises only "*if* there is even a fair possibility that the stay for which [a movant] prays will work damage to some one else." *Id.* at 1109 (quoting *Landis v. North American*, 299 U.S. 248, 255 (1936)) (emphasis added). Even were the harm to Plaintiffs discounted, it would still be balanced against Defendant's inability to describe any harm to anyone else in staying the proceedings.

The harm Plaintiffs might suffer by a mooting of the present appeal is plainly a hardship or inequity, but it is not the only harm on the table. It

is enough that the proceedings would be needlessly multiplied. And unlike the potential for intervening mootness, the inefficiency harms of proceeding with factual development are not merely possible; they are guaranteed. Because regardless of which side wins this case, the decision is unlikely to turn on any of the matters over which this Court currently retains jurisdiction. Proceeding will just consume judicial and litigation resources—of Plaintiffs and of Defendant's constituents—while the case is ultimately resolved as a matter of law on appeal.

Moreover, the status of potential harm here being "irreparable" has nothing to do with when Plaintiffs filed their lawsuit. Should this Court determine that it presently has jurisdiction over the motion to dismiss, intervening mootness would be caused by a dismissal, regardless of when the lawsuit was initiated. Any overall harm caused by AB 5's enforcement, irreparable or not, is not the issue here. The only relevant consideration now is the impact of granting or denying *this* motion. A denial of a stay, if followed by dismissal, would delay the case's ultimate resolution, but given the subject matter, "a delay of even a day or two may be intolerable." *Sanders Cnty. Republican Cent. Comm. v. Bullock*, 698 F.3d 741, 748 (9th Cir. 2012) (internal quotation marks omitted). Even if Plaintiffs are responsible for a delay leading up to the filing of the lawsuit, any *additional* delay would be a function of procedure.

That potential is, as Defendant puts it, "present in any case seeking preliminary injunctive relief," Opp. at 4,—which is precisely why courts are empowered to stay proceedings. Of course the potential harm exists. So does the potential solution. Pointing out the former does not answer a request for the latter.

Whether this case proceeds to discovery, or to multiple appeals, would harm all parties. A stay would likely obviate both potential harms.

III. A STAY WOULD ADVANCE THE ORDERLY CAUSE OF JUSTICE.

Defendant does not explain how denying a stay would *advance* the orderly cause of justice and preserve judicial and litigant resources. To the contrary, he either hopes to moot the current appeal, thereby forcing a second appeal, multiplying the proceedings and only delaying the case's ultimate resolution; or, he is interested in proceeding with discovery in a case that is unlikely to turn on any factual disputes, and which will likely be resolved or at least greatly streamlined as a matter of law in the course of a pending appeal.

Of course every case is different, and Defendant cites some of the very different cases where stays were properly denied because they would have frustrated rather than advanced the orderly course of justice. In *Washington v. Azar*, No. 1:19-cv-03040-SAB, 2019 WL 7819662, at *1 (E.D. Wash. June 14, 2019), the court denied a stay because it determined that "[j]udicial economy and the interest of justice will be met by the production and review of the Administrative Record." In *Vasquez v. Ahlin*, No. 1:10-25 cv-01973-DAD-JDP, 2019 WL 4302279, at *6 n.5 (E.D. Cal. Sept. 11, 2019), the court denied a stay where at least two months had passed since the appeal had been dismissed. As noted earlier, *Azar* involved a nationwide injunction.

And in *Tesoro Ref. & Mktg. Co. LLC v. City of Long Beach*, No. 2:16-cv-06963-VAP-FFMx, 2019 WL 4422666, at *2 (C.D. Cal. May 31, 2019), this Court denied a stay pending a state court appeal whose impact on the case was at best speculative. The state court and the administrative agency involved had both "made clear" that those proceedings would not determine the liability questions before this Court. *Id.* "[A] stay is not warranted because the state court's determinations will not bear upon the underlying issues of this case." *Id.*

But here, the Ninth Circuit's determination of the interlocutory appeal—which has not been dismissed—will very much "bear upon the underlying issues of this case" (if the *ASJA* appeal does not do so first). And because the issues on appeal include the only issues before this Court, this is not a case where the "disposition of th[e] appeal will affect the rights of the parties only until the district court renders judgment on the merits of the case." *Sports Form, Inc. v. United Press International, Inc.,* 686 F.2d 750, 753 (9th Cir. 1982). There is no administrative record that Defendant would place before the Court. And there is no injunction in place, let alone a nationwide one that hampers the law's development throughout the country, making the case's ultimate resolution a matter of national urgency.

Doubtless Defendant could have located hundreds of other cases where, under their circumstances, a stay of district court proceedings pending interlocutory appeal would have hampered rather than advanced the orderly course of justice. Nobody is arguing that all, most, or some other portion of stay motions should be granted. The question is case-specific. How would granting or denying *this* stay motion, and either awaiting the outcome of *this* interlocutory appeal or proceeding with *this* case now, advance the orderly cause of justice by simplifying the proceedings? Defendant does not explain, but the answer is obvious. The choice is to either multiply the proceedings, or await guidance that will at least greatly streamline if not resolve this case.

## CONCLUSION

Plaintiffs' motion for a stay should be granted.

Dated: September 7, 2021

Respectfully submitted,

By: /s/ Alan Gura

Alan Gura (SBN 178221)
agura@ifs.org
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., N.W., Suite 801
Washington, DC 20036
Phone: 202.967.0007
Fax: 202.301.3399

Attorneys for Plaintiffs
Mobilize the Message, LLC; Moving Oxnard Forward, Inc.; and Starr Coalition for Moving Oxnard Forward

# CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF System. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 7, 2021.

By: /s/ Alan Gura
Alan Gura