UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mobilize the Message LLC et al., <br><br> Plaintiffs, <br><br> v. <br><br> Rob Bonta, <br><br> Defendant. | Case No. 2:21-cv-05115-VAP-JPRx <br><br> **Order GRANTING Motion to Stay (Dkt. 29)** |

Before the Court is Plaintiffs' Mobilize the Message, LLC, Moving Oxnard Forward, Inc., and Starr Coalition for Moving Oxnard Forward ("Plaintiffs") Motion to Stay ("Motion"). (Dkt. 29).

After considering all the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court **GRANTS** the Motion.

## I. BACKGROUND

The facts of this case were set forth at length in the Court's August 09, 2021 Order Denying Plaintiffs' Motion for Preliminary Injunction. (Dkt. 24). The Court provides only a brief synopsis here.

Plaintiffs filed this lawsuit against Defendant Rob Bonta, in his official capacity as Attorney General of California ("Defendant"), alleging that a California law pertaining to the classification of employees and independent contractors, Assembly Bill 5 ("AB 5"), violates the First Amendment right of free speech. AB 5 codifies the so-called "ABC Test" articulated in *Dynamex Operations W v. Superior Court*, 4 Cal. 5th 903, 916 (2018). The test consists of a three-pronged inquiry that determines whether a worker is classified as an employee or an independent contractor for certain purposes. Plaintiffs argue that AB 5 favors commercial speech over political speech because it exempts certain commercial workers from being classified as employees, while classifying signature gatherers and doorknockers for political campaigns as employees.

On June 24, 2021, Plaintiffs filed a Motion for Preliminary Injunction seeking to enjoin Defendant from applying the ABC Test to classify Plaintiffs' doorknockers and signature gatherers as employees. (Dkt. 9). The Court denied the Motion for Preliminary Injunction on August 09, 2021, (Dkt. 24), and Plaintiffs appealed to the Ninth Circuit Court of Appeals on August 10, 2021. (Dkt. 25). Defendant filed a Motion to Dismiss on August 16, 2021. (Dkt. 28). Plaintiffs filed the instant Motion to Stay Case Pending Appeal on August 16, 2021, arguing that this case should be stayed pending the outcome of Plaintiffs' appeal of this Court's order denying a preliminary injunction.

## II. LEGAL STANDARD

When a party files an interlocutory appeal from the denial of a motion for a preliminary injunction, a stay is "not a matter of right . . . ." *Nken v. Holder*, 556 U.S. 418, 433 (2009). The decision to grant a stay "is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.* "The moving party has the burden of persuading the court that the circumstances of the case justify a stay." *Cesca Therapeutics Inc. v. SynGen Inc.*, No. 2:14-CV-2085-TLN (KJNx), 2017 WL 1174062, at *2 (E.D. Cal. Mar. 30, 2017).

District courts in this Circuit follow one of two standards when evaluating a motion to stay pending an interlocutory appeal: the *Nken* test or the *Landis* test. The *Nken* test prompts courts to consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Nken v. Holder*, 556 U.S. 418 (2009). The *Landis* test counsels courts to consider "the competing interests which will be affected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005).

3

Plaintiffs concede that the Ninth Circuit has not addressed which test applies for a motion to stay proceedings, but argue that the *Landis* test is more frequently used in this context and should apply here. (Motion, at 4). The Court agrees. Although some district courts continue to apply the *Nken* test, "*Landis* was decided specifically to guide courts deciding on whether to stay proceedings," and it is the "growing consensus of the district courts in this Circuit" to apply *Landis* when evaluating a motion to stay proceedings. *Hart v. Charter Commc'ns, Inc.*, No. SA CV 17-0556-DOC (RAOx), 2019 WL 7940684, at *4 (C.D. Cal. Aug. 1, 2019).

Moreover, Defendant does not challenge Plaintiffs' argument that *Landis* should govern the motion. Defendant instead argues that it is "irrelevant" whether "this Court concludes that the *Landis* or the *Nken* standard applies," because "Plaintiffs cannot meet their burden under either standard . . . ." (Opp'n, at 5-6). The Court will therefore evaluate Plaintiffs' motion under the factors articulated in *Landis*.

### III. DISCUSSION

#### A. Ninth Circuit Dicta

As a threshold matter, Defendant argues that it would contravene Ninth Circuit instruction for this Court to stay proceedings pending appeal of a preliminary injunction order. (Opp'n, at 8). Defendant cites to language from Ninth Circuit cases suggesting that granting a stay under these circumstances is strongly disfavored. *See* Opp'n at 8, citing *Cal. v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018) ("We have repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a

4

preliminary injunction."); *Melendres v. Arpaio*, 695 F.3d 990, 1002-03 (9th Cir. 2012); *Sports Form, Inc. v. United Press Intern., Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) ("[I]n many cases, appeal of district courts' preliminary injunctions will result in unnecessary delay to the parties and inefficient use of judicial resources."). Plaintiff responds that Defendant's argument over-generalizes the Ninth Circuit's position, and even if these warnings are informative, the Court must engage with the *Landis* factors before summarily denying the motion. See Reply, at 4.

A review of decisions in this district demonstrates that courts do not interpret the Ninth Circuit's warnings as prohibitively as Defendant suggests. There are numerous examples of courts granting a motion to stay proceedings pending the appeal of an order granting or denying a preliminary injunction. *See, e.g., STM Inv. S.a.r.l. v. 3P Equity Partners, LLC*, No. 19-1764-CBM (ASx), 2019 WL 9518077, at *3 (C.D. Cal. June 24, 2019) (granting an application to stay proceedings pending the Ninth Circuit's resolution of plaintiff's appeal of the preliminary injunction); *Commodity Futures Trading Comm'n v. Bame*, No. CV-08-05593-RGK (PLAx), 2009 WL 10676150, at *3 (C.D. Cal. Mar. 6, 2009) (same). Moreover, while the Court may take the Ninth Circuit's admonition against granting a stay as cautionary, there is no "blanket rule" prohibiting consideration of the motion. *See Fraihat v. U.S. Immigr. & Customs Enf't*, No. EDCV 19-1546-JGB (SHKx), 2020 WL 6540441, at *3 (C.D. Cal. Oct. 30, 2020) (noting that the court would consider the Ninth Circuit's warnings against delaying trial preparation to await an interim ruling, but Defendants were "correct that there is no such blanket rule" in the Ninth Circuit).

The Court agrees with Plaintiffs that it must apply the *Landis* test to decide the Motion. The Ninth Circuit's admonitions, while instructive, do not prohibit the court from issuing a stay.

B. *Landis* **Factors**

Plaintiffs advance arguments as to all of the *Landis* factors: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer,* 398 F.3d at 1110. The Court addresses each argument in turn.

1. Possibility of Damage

Plaintiffs argue that no possible damage could accrue from a stay because no injunction was issued in this case, and the "status quo will remain as it stood the day before Plaintiffs brought their lawsuit." (Motion, at 6). Defendant does not respond to this argument in his Opposition.

The Court agrees that no harm would result from a stay of these proceedings. Defendant has no need for an immediate resolution of the case, especially because he is not enjoined from continuing to enforce AB 5 while the appeal is pending. Moreover, Defendant himself has not asserted that he would suffer damage if a stay were granted. The lack of potential damage to Defendant stands in stark contrast to the potential consequences

to parties in other cases where a stay was denied.  See *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (finding a "fair possibility" of damage in granting a stay that would have forced a company to enter into arbitration in a foreign country).  The Court therefore agrees with Plaintiffs that the lack of possible damage weighs heavily in favor of granting a stay.  *See, e.g.*, *Physicians Healthsource Inc. v. Masimo Corp.,* No. SACV 14-00001-JVS (ANx), 2014 WL 12577142, at *2 (C.D. Cal. May 22, 2014) (determining that there would be little possibility of damage from granting a stay).

### 2.   Hardship or Inequity from Denial of a Stay

Next, Plaintiffs argue they would be injured by the denial of this Motion because it would frustrate their potential to obtain relief in time for the 2022 election.  (Motion, at 6).  They contend that the Ninth Circuit could grant their pending appeal in time to allow them to engage in activities for the 2022 election, but if this Court denies the stay and ultimately dismisses the case, the pending appeal would become moot.  (*Id.*).  Plaintiffs would then have to appeal again from "square one," which would push the timeline for appellate review beyond the 2022 election.  (*Id.*).  Plaintiffs also allege that intervening mootness harms both parties "in terms of duplication of effort on appeal."  (*Id.* at 7).

Defendant responds that any prejudice Plaintiffs might suffer is attributable to their own delay in filing suit.  *See* Opp'n.  Defendant points out that AB 5 was enacted in September 2019, and yet "Plaintiffs did not file suit until two months ago." (Opp'n, at 1).  Defendant also argues that any

concern about inefficient litigation stems from Plaintiffs' own decision to seek interlocutory review.  (*Id.* at 3-4).

The Ninth Circuit has determined that simply "being required to defend a suit does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112; *Fed. Trade Comm'n v. Cardiff*, No. EDCV 18-2104-DMG (PLAx), 2020 WL 5417125, at *4 (C.D. Cal. Sept. 9, 2020) (citing *Lockyer*, 398 F.3d at 1112).  Plaintiffs therefore cannot point to the ordinary burdens of the litigation process, which they have undertaken themselves, as evidence of hardship or inequity.

Nonetheless, Plaintiffs raise a valid argument concerning the timeliness of obtaining relief.  Absent a stay, Plaintiffs would likely be unable to obtain appellate review in time to perform activities for the 2022 election, which is a primary purpose of their organizations' work.

The Court emphasizes that it weighs Plaintiffs' claim of undue hardship *against* the possibility of damage to Defendant. *See CMAX, Inc. v. Hall, 300 F.2d 265, 268* (9th Cir. 1962) ("Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.")  Had Defendant argued that it would suffer damage from the imposition of a stay, Plaintiffs would have a more difficult road to establishing undue hardship.  *Lockyer*, 398 F.3d at 1112 (quoting *Landis*, 299 U.S. at 255) ("'[I]f there is even a fair possibility that the stay ... will work damage to some one else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'").

8

Where, as here, Defendant has asserted no possibility of damage to himself, it appears that Plaintiffs' concerns about the timeliness of appellate review merit consideration. *See Physicians Healthsource Inc.,* 2014 WL 12577142, at *2 (weighing the possibility of damage to Plaintiff against the hardship to Defendant). The Court therefore finds that Plaintiffs have demonstrated a showing of undue hardship if the stay is denied.

3. Judicial Efficiency

The final factor that Plaintiffs discuss is judicial efficiency. They argue that the pending case *American Society of Journalists and Authors v. Bonta*, Ninth Cir. No. 20-55734 ("ASJA"), will likely address overlapping issues of law that may prove instructive to this Court. (Motion, at 1). Plaintiffs also argue that the Ninth Circuit's review of the interlocutory appeal will "bear on the underlying issues of this case," if the ASJA appeal does not do so first. According to Plaintiffs, this Court would advance the orderly cause of justice by granting a stay.

Defendant responds that the ASJA case might not be decided in the near future and might not affect the legal issues in this case. (Opp'n, at 1). Defendant also returns to the Ninth Circuit's warnings to argue that judicial efficiency is not compromised by failing to grant a stay while an interlocutory appeal is pending.

As to the potential preclusive effect of other proceedings, this Court previously held that "staying [an] action based on a possibility of a

preclusive decision elsewhere is not enough to demonstrate that those other proceedings "bear upon the case." *Tesoro Ref. & Mktg. Co. LLC v. City of Long Beach*, No. 2:16-CV-06963-VAP (FFMx), 2019 WL 4422666, at *2 (C.D. Cal. May 31, 2019); *Leyva*, 593 F.2d at 863-64. Moreover, *Landis* itself dictates that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255; *see also Fed. Trade Comm'n v. Cardiff*, 2020 WL 5417125, at *3 (declining to stay an action pending an upcoming U.S. Supreme Court decision that would not directly affect the present case).

Here, Plaintiffs have not met the high burden of proving that the pendency of *ASJA* merits a stay in this action. Plaintiffs acknowledge that "there is no guarantee that the Ninth Circuit's forthcoming decision in ASJA would control or even be instructive in this case," but surmise that "the odds of that occurring are meaningful." (Motion, at 1). The Court does not find that the mere potential of an instructive decision warrants a stay.

On the other hand, the Court agrees with Plaintiffs that awaiting the resolution of the Ninth Circuit's review of the interlocutory appeal advances the orderly cause of justice. The order that is before the Court of Appeals implicates issues that are at the heart of this case. In the August 9, 2021 Order, the Court concluded that Plaintiffs had not shown they were likely to succeed on the merits. (Dkt. 24). The Court also determined that the challenged exemptions in AB 5 were neither content-based nor required heightened scrutiny. (*Id.* at 7). These issues bear on the heart of Plaintiffs' First

Amendment claims, and the Ninth Circuit's review of those issues would almost certainly affect the outcome of any proceedings in this Court.

The Court agrees with Plaintiffs' observation that "this is not a case where the 'disposition of th[e] appeal will affect the rights of the parties only until the district court renders judgment on the merits of the case.'" (Reply at 33, citing *Sports Form, Inc. v. United Press International, Inc.,* 686 F.2d 750, 753 (9th Cir. 1982). It would be wise for the Court to preserve its judicial resources in light of the pending appellate review of issues central to this case.

Taking all the *Landis* factors together, and considering the various arguments advanced by Plaintiffs and Defendant in the pleadings, the Court concludes that a stay of the proceedings is warranted. The proceedings are stayed pending the resolution of Plaintiffs' interlocutory appeal before the Ninth Circuit.

### IV. CONCLUSION

The Court therefore **GRANTS** the Motion to Stay pending the outcome of Plaintiffs' interlocutory appeal.

**IT IS SO ORDERED.**

Dated: 9/17/21

Virginia A. Phillips
United States District Judge